# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LEEMANUEL ALFRED
    WAKEFIELD,

              Appellant,

          v.

DEPARTMENT OF VETERANS
    AFFAIRS,

              Agency.

DOCKET NUMBER
CH-0752-14-0729-I-1

DATE: March 12, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Leemanuel Alfred Wakefield</u>, Chicago, Illinois, pro se.

<u>Timothy B. Morgan</u>, Esquire, Chicago, Illinois, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his alleged involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2  The appellant was a Maintenance and Operations Supervisor for the agency's Jesse Brown Medical Center (JBMC). *See* Initial Appeal File (IAF), Tab 1 at 1, Tab 9 at 21. In a letter dated May 28, 2013, the agency proposed his removal from service.[2] IAF, Tab 9 at 9-14. On June 6, 2013, the appellant submitted a letter, electing to retire, effective June 12, 2013. *Id*. at 17. The agency effectuated his retirement accordingly. *Id*. at 21.

¶3  The appellant appealed his separation to the Board. IAF, Tab 1. He alleged that the agency denied him access to critical medication and care, causing his constructive discharge.[3] *Id*. at 3. He later alleged that the agency knew his proposed removal could not be substantiated. IAF, Tab 8 at 1.

---

[2] The agency charged the appellant with (1) failure to follow proper procedures as an approving official for a government commercial purchase card; (2) negligent performance of duties; (3) inappropriate conduct as an approving official; and (4) lack of cooperation in an administrative investigation. IAF, Tab 9 at 9-13.

[3] In his initial appeal, the appellant eluded to retaliation for protected activity, his experience, and his age. IAF, Tab 1 at 3; *see generally Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 12 (the Board addresses allegations of discrimination and reprisal in connection with an alleged involuntary resignation only insofar as those allegations relate to the issue of voluntariness). However, he did not

¶4       The administrative judge directed the appellant to meet his jurisdictional burden of proof. IAF, Tab 2 at 2. After both parties responded to the jurisdictional order, the administrative judge dismissed the appeal for lack of jurisdiction.[4] ID at 1. The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has not filed a response.

¶5       On review, the appellant again argues that he was forced to retire because the agency prevented him from receiving necessary medical treatment after proposing his removal from service. *Id*. at 4-5. He also reasserts his allegation that the agency knew his proposed removal could not be substantiated. *Id*. at 5. Finally, he seems to suggest that the agency erred in placing him on administrative leave while his proposed removal was pending. *Id*. We find no merit to these arguments.

¶6       An appellant has the burden of proving, by preponderant evidence, that his appeal is within the Board's jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i). An employee-initiated action, such as a retirement, is presumed to be voluntary, and thus outside the Board's jurisdiction. *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1123-24 (Fed. Cir. 1996). An appellant may overcome the presumption by showing that: (1) his retirement was the product of misinformation or deception by the agency; or (2) his retirement was the product of coercion by the agency. *Id*. at 1124.

¶7       To prove involuntariness based upon coercion, as was alleged here, an appellant must show that the agency effectively imposed the terms of his retirement; he had no realistic alternative but to retire; and the retirement was the

---

present any such arguments on review. *See* PFR File, Tab 1. Therefore, we will not address the allegations in this decision.

[4] The appellant did not request a hearing. IAF, Tab 1 at 2. In addition, the administrative judge determined that a hearing was not necessary because the lack of jurisdiction was readily apparent from the documentary record. IAF, Tab 12, Initial Decision (ID) at 1 (citing *Hardy v. Merit Systems Protection Board*, 13 F.3d 1571, 1575 (Fed. Cir. 1994)).

result of the agency's improper acts. *See id*. The test for involuntariness is an objective one, requiring the appellant to show that a reasonable employee in the same circumstances would have felt coerced into resigning or retiring. *Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1121 (Fed. Cir. 2013).

¶8 In arguing that the agency prevented him from receiving necessary medical treatment, the appellant relies on the agency's May 29, 2013 letter. *See* IAF, Tab 9 at 8; PFR File, Tab 1 at 4-5. The letter placed him in an authorized absence status, pending a resolution to his proposed removal. IAF, Tab 9 at 8. It included the following language: "While you are in authorized absence status you are not to report for duty, nor are you to be physically present in the [JBMC] facilities at any time, unless you have official business." *Id*.

¶9 Despite the exception for "official business," the appellant reportedly believed he was prohibited from seeking medical treatment because doing so would require his presence at JBMC. *See id*. at 17. His June 6, 2013 letter of retirement did not identify this belief as the reason for his retirement, but did ask that someone contact his physician for a prescription and indicated that he would come pick it up when his "patient status [was] restored" and he was "allowed to come in." *Id*. However, the agency responded to that letter, before the appellant's retirement was effectuated, ensuring him that his patient status was unaffected and that he could continue to use JBMC for his patient care needs. *Id*. at 18-19.

¶10 The administrative judge concluded that the appellant failed to prove, or nonfrivolously allege, that he was coerced into retiring by virtue of his access to JBMC for medical care. ID at 3. We agree. *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (finding no reason to disturb the initial decision where the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions). A reasonable employee in the appellant's circumstances would not have believed that the agency was prohibiting him from receiving necessary

medical treatment in its May 29, 2013 letter and, therefore, coercing him into retirement.

¶11    The appellant's next argument is that his retirement was involuntary by "threat of adverse action that the agency knew could not be substantiated." IAF, Tab 8 at 1; PFR File, Tab 1 at 5. If an appellant shows that an agency knew that it would not prevail on a proposed adverse action, the proposed action is coercive and the resulting retirement is involuntary. *Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶ 12 (2008). However, the fact that an employee is faced with the unpleasant choice of either retiring or opposing a potential adverse action does not rebut the presumed voluntariness of his ultimate choice of retirement. *Id*.

¶12    Here, while the appellant suggested that his proposed removal could not be sustained, generally, he failed to present any substantive allegation as to the same. *See* IAF, Tab 8 at 1. As referenced in his petition for review, the appellant did submit evidence of the agency's investigation into his purported misconduct. PFR File, Tab 1 at 5; *see, e.g.*, IAF, Tab 3 (the agency's investigative materials). However, he failed to explain, and we are unable to discern, why he believes the agency could not prevail on his proposed removal. Instead, he made bare assertions that the proposal contained misleading statements, IAF, Tab 8 at 1, and that he was the only one charged despite others being involved, PFR File, Tab 1 at 5. Based upon the nature of the appellant's claims, we agree with the administrative judge's conclusion that the appellant failed to meet his burden of proving, or nonfrivolously alleging, that his retirement was coerced by virtue of an unwarranted proposal to remove him that could not be substantiated. *See* ID at 3; *see also Briscoe v. Department of Veterans Affairs*, 55 F.3d 1571, 1573-74 (Fed. Cir. 1995) (bald allegations standing alone do not meet the nonfrivolous allegation standard).

¶13    As to the appellant's final argument, that the agency erred by placing him on administrative leave while his proposed removal was pending, PFR File, Tab 1

at 5, we first note that he failed to raise this argument below, *see* IAF, Tab 1 at 3, Tab 8 at 1. Generally, the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant made no such showing for this new argument. In any case, it is well-established that a period of paid administrative leave is not appealable to the Board. *Alston v. Social Security Administration*, 95 M.S.P.R. 252, ¶ 7 (2003). Accordingly, the appellant's allegation is not one we can review.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm.

Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:              _____
                            William D. Spencer
                            Clerk of the Board

Washington, D.C.